UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

David C. Morris,

    Plaintiff,

v.

GPS Hospitality Partners IV, LLC.
d/b/a Burger King

    Defendant,

_____/

## COMPLAINT

Plaintiff David C. Morris, by and through the undersigned counsel, hereby sues Defendant GPS Hospitality Partners IV, LLC d/b/a Burger King on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiff David C. Morris under 42 USC §1981 (Civil Rights Act of 1866) to redress the injury done to him by the Defendant's discriminatory treatment and retaliation based on his Race and Color (Black).

## Jurisdiction And Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, Attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 USC §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 USC §1331 and §1343.

5. The venue of this action is properly placed in the Northern District of Florida, Pensacola Division, pursuant to 28 USC §1391(b), since the unlawful alleged employment practices were committed in Escambia County, within the jurisdiction of this Honorable Court.

## Parties

6. Plaintiff David C. Morris is a resident of Escambia County, who was employed by Defendant GPS Hospitality Partners IV, LLC d/b/a Burger King, and is a member of certain protected classes of persons because of his Race and Color (Black).

7. Corporate Defendant GPS Hospitality Partners IV, LLC d/b/a Burger King (hereinafter Burger King, or "Defendant") is a Florida Limited Liability Company performing business in Escambia County, Florida, and within the jurisdiction of this Honorable Court.

8. At all times relevant to this complaint, Plaintiff David C. Morris was employed by GPS Hospitality Partners IV, LLC d/b/a Burger King, and the parties had a contractual relationship with each other.

## Statement of Facts

9. Plaintiff David C. Morris is a 41 years old Black male. He is a resident of Escambia County who was employed by Defendant Burger King. The Plaintiff is a member of certain protected classes of persons because of his Race and Color (Black).

10. Defendant Burger King is a business that provides fast food services to the community.

11. Defendant Burger King employed Plaintiff David C. Morris as a lead worker employee, from approximately March 2013 to January 6, 2022, or 514 weeks (9 years, ten months, and 5 days).

12. Plaintiff worked at Burger King, a fast-food restaurant located at 8040 West Highway 98, Pensacola, FL 32506.

13. Plaintiff was a full-time hourly employee, earning approximately $12.00 an hour.

14. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required

skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

15. However, during the time Plaintiff was employed by Defendant, Plaintiff was subjected to unlawful acts of discrimination, such as harassment hostile working environment, and was further subjected to different terms and conditions of employment, and finally, he was subjected to a discriminatory discharge because of his Race and Color.

16. While employed by Defendant, Plaintiff suffered discriminatory, disrespectful, and abusive treatment at the hands of General Manager Shaquilla Dickson.

17. Ms. Dickson discriminated against Plaintiff based on his Race and Color.

18. On or about November 2022, while at work General Manager Shaquilla Dickson called Plaintiff an F…. N….

19. Plaintiff reported the incident to District Manager Ben LNU, but he did not do anything about it.

20. Plaintiff proceeded to call Vice President of Operations Bobby Garner, but he never responded.

21. Following, Plaintiff called the 1-800 HR number, but nobody picked up the telephone, Plaintiff was not able to leave a message because the voice mail was constantly full.

22. Lastly, Plaintiff contacted the payroll office and was advised to call the 1-800 HR number.

23. General Manager Shaquilla Dickson began retaliating against Plaintiff by sending him home up to four times for no reason.

24. On or about January 2, 2022, Plaintiff requested two days off to Manager Lisa LNU. Plaintiff's request was approved.

25. On or about January 4, 2022, General Manager Shaquilla Dickson accused Plaintiff that he was a "No call, no show."

26. On or about January 4, 2022, General Manager Shaquilla Dickson fired Plaintiff.

27. Plaintiff called Vice President of Operations Bobby Garner to let him know about his dismissal. Mr. Garner replied by saying, "I do not care. I will not go back on Ms. Dickson's word".

28. The frequent, severe, and offensive conduct of Defendant's subcontractor created a hostile work environment in violation of 42 USC §1981.

29. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work.

30. The frequent, severe, and offensive conduct of Defendant's General Manager Shaquilla Dickson created for Plaintiff a hostile work environment in violation of 42 USC §1981.

31. After Plaintiff's complaints, Defendant did not investigate the alleged Race and Color discrimination, it did not sanction anybody, and Plaintiff's complaints were ignored.

32. On or about January 4, 2022, Plaintiff was retaliatorily discharged by Defendant, and his human and civil rights were violated. Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and harassment because of Plaintiff's Race and Color. Defendant retaliated against Plaintiff because he complained about Race and Color Discrimination at the workplace. Defendant's conduct is in violation of both Federal and State Laws.

33. Defendant Burger King is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, was occurring.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 USC SECTION 1981, DISCRIMINATION BASED ON RACE AND COLOR

34. Plaintiff David C. Morris re-adopts every factual allegation stated in paragraphs 1-33 above as if set out in full herein.

35. This is an action against Burger King for unlawful discrimination pursuant to 42 USC, Section 1981.

36. At all times material hereto, Defendant Burger King was an "employer" within the meaning of Section 42 USC §1981.

37. At all times material hereto, Plaintiff Burger King was an "employee" and had a contractual relationship with Defendant within the meaning of 42 USC §1981.

38. Plaintiff David C. Morris had at all times material and continues to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at Burger King.

39. Defendant has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 USC § 1981, by treating

Plaintiff differently from similarly situated employees because of his Race and Color.

40. Defendant subjected Plaintiff David C. Morris to different adverse employment actions, including but not limited to the following acts and omissions: harassment, hostile working environment, and wrongful termination.

41. The effects of the practices referenced above have been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his Race and Color.

42. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under 42 USC § 1981, by treating him differently from similarly situated employees and subjecting him to racial harassment because of his Race and Color, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future monetary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

43. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

44. The actions of Burger King and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant Burger King for its actions and to deter it, and others, from such actions in the future.

45. Plaintiff David C. Morris has retained the undersigned counsel to prosecute his claims, and he is entitled to Attorney's fees pursuant to 42 USC §1988, the Civil Rights Attorneys Fee Award Act.

## Prayer For Relief

Wherefore, Plaintiff David C. Morris respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff David C. Morris and against Defendant Burger King on Defendant's willful violations of 42 USC §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including Attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

### Demand for a Jury Trial

Plaintiff David C. Morris demands trial by a jury of all issues triable as of right by a jury.

### COUNT II:
### RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981

46. Plaintiff David C. Morris re-adopts every factual allegation stated in paragraphs 1-33 of this complaint as if set out in full herein.

47. Plaintiff David C. Morris and Defendant Burger King had a contractual relationship.

48. Defendant Burger King precluded Plaintiff from performing the stated contractual relationship when Defendant terminated Plaintiff.

49. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race and Color, as more particularly described above.

50. Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

51. The actions of Burger King and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant Burger King for its actions and to deter it, and others, from such actions in the future.

52. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to Attorney's fees pursuant to 42 USC §1988, the Civil Rights Attorneys Fee Award Act.

Prayer For Relief

Wherefore, Plaintiff David C. Morris respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff David C. Morris and against Defendant Burger King based on Defendant's willful violations of 42 USC §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including Attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

Demand for a Jury Trial

Plaintiff David C. Morris demands trial by a jury of all issues triable as of right by a jury.

Date: February 28, 2023,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:   (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*